**WHITMORE, Plaintiff-Appellee, v. BERRY,**
**Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1244.   Decided September 15, 1950.

Thomas H. Madden, Warren, for plaintiff-appellee.
Guarnieri & Secrest, Warren, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Plaintiff sued defendant in the Municipal Court of Warren to recover $725.00 damages to his automobile sustained about 8:00 o'clock on the morning of September 2, 1949, when he drove it in a southerly direction on Charles Street, a stop street, into the intersection thereof with East Market Street, a main thoroughfare, two improved, duly dedicated and accepted highways of the city of Warren, 26 and 32 feet wide respectively. He alleged such damage resulted from the careless, negligent and unlawful operation by defendant of his automobile at 25 to 30 miles an hour in an easterly direction over and along East Market Street into collision with his automobile at such intersection.

Defendant denied he was guilty of negligent or unlawful conduct in the operation of his automobile as plaintiff charged. By cross-petition defendant sought $635.77 damages to his automobile from plaintiff allegedly caused by plaintiff's negligence in the operation of his automobile at the time and place stated.

By agreement of counsel the trial judge sat as a jury. The trial judge found for plaintiff in the amount of $700.00, dismissed defendant's cross-petition, and entered judgment accordingly. It is from that judgment that defendant appealed to this court on questions of law.

Logan Avenue, another duly dedicated and accepted highway of the City of Warren, extends in a northerly and southerly direction, and parallels Charles Street about 335 feet west thereof. Traffic at that intersection is protected by an automatic electric signal light.

Immediately prior to, and at the time of, such collision, traffic moving in a westerly direction on East Market Street was stopped at the intersection of Logan and Market Streets. The driver of one of the automobiles in such solid line of traffic motioned to plaintiff, whose car was parked on Charles Street, to proceed into the intersection thereof with Market Street, which he did, as he testified, at ten miles per hour, and at a time, as defendant testified, when his automobile travelling 30 miles an hour was 30 feet distant.

Defendant's evidence is that when he appraised the situation, and saw plaintiff "pull" right out across directly in front of him, "just over the center line" of East Market Street where Charles Street jogs as it intersects that street, he applied the brakes with which his automobile was equipped; that at that time plaintiff's automobile was nine feet away from and directly in his path; that he skidded about 25 or 30 feet directly into the right rear portion of plaintiff's automobile, damaging it, and causing his car to come to rest in the southwest portion of such intersection.

There is evidence that plaintiff looked in all directions for traffic moving in such intersection, but did not see defendant as he entered the intersection, because he "was coming too fast"; that he saw him first "just about the time I was clearing through. I was looking down there. I had to watch this car. I looked down where I saw him, about 10 seconds before he hit me." That his car skidded sixty feet as and after he applied his brakes and before colliding with defendant's automobile.

Defendant contends that no evidence was submitted to the trial judge of his carelessness, negligence nor unlawful conduct in the operation of his automobile; that upon trial he submitted ample evidence of plaintiff's carelessness, negligence and unlawful conduct in the operation of his automobile causing it to collide with his (defendant's) automobile with the resultant damages thereto; and asks this court to reverse the judgment of the trial court and enter final judgment for him.

In our opinion the evidence in this case presented questions for the determination of the trial judge, with whose finding and judgment we cannot interfere.

The judgment of the trial court is sustained.

NICHOLS, J, GRIFFITH, J, concur in judgment.